IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SCOTT ALLEN WALKER                                                    PLAINTIFF


v.                              Civil No. 5:24-cv-05158-TLB-CDC

WALMART, INC., Siloam Springs;
CORPORAL STAMPS, Benton County
Detention Center (BCDC); PUBLIC
DEFENDER SAM HALL; JUDGE GREEN;
and JUDGE KARREN                                                      DEFENDANTS


**MAGISTRATE JUDGE'S SCREENING REPORT AND RECOMMENDATION**

        This is a civil rights action filed by Plaintiff, Scott A. Walker ("Walker"), under 42 U.S.C.

§ 1983.  The case was directly assigned to the undersigned Magistrate Judge.  However, because

not all parties to the action have consented to the jurisdiction of the undersigned, and this document

will be dispositive of Walker's claims, this document will be filed as a Report and

Recommendation and the case will automatically be reassigned to United States District Judge

Timothy L. Brooks.  28 U.S.C. § 636(c); Rule 73 of the Federal Rules of Civil Procedure, and

General Order 2024-02.

        The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1]

Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress

from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

## I.  BACKGROUND

        According to the allegations of the Amended Complaint, on August 6, 2019, Walker was

arrested for theft of property from the Siloam Springs Walmart that occurred on April 4, 2018.

---

[1] Enacted as part of the Prison Litigation Reform Act.

(ECF No. 10 at 4).  Walker alleges that Jayme Weber and Brooke Pool from Walmart asset protection were responsible for his arrest.  *Id.*  Walker maintains that on the April 4, 2018, he was in federal custody in Sedgwick County Jail in Wichita, Kansas.

On August 6, 2019, Walker states he cleared the "drug screen" performed at the Benton County Detention Center ("BCDC") and as a result could not have brought drugs into the jail on August 7, 2019.   (ECF No. 10 at 5).  When Walker was brought before Defendant Green for arraignment she asked if his date of birth was in 1992.  *Id.*  At this point, the prosecuting attorney informed Defendant Green of the furnishing drugs charge to which Defendant Green is alleged to have stated: "He is not a black man."  *Id.*  Walker states he was released on both charges.  *Id.* However, he maintains Defendant Green was derelict in her duties because she did not dismiss both cases.  *Id.*

In two court appearances before Defendant Karren, Walker stated he did not want Defendant Hall as his attorney.  (ECF No. 10 at 5).  Walker maintains Defendant Hall provided ineffective assistance of counsel.  *Id.*  Walker indicates he was coerced into entering into a plea agreement.  *Id.*

Defendant Stamps is the person who allegedly found drugs in Walker's possession in a "toilet paper and baggie with 4 grams inside."  (ECF No. 10 at 5).  Walker states the substance was not tested.  *Id.*   He further asserts that Defendant Stamps put the methamphetamine on him. *Id.* at 6.

As relief, Walker seeks compensatory and punitive damages.  (ECF No. 10 at 7).

## II.  LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are

frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

3

Section 1983 does not contain its own statute of limitation.  Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations."  *Wilson v. Garcia*, 471 U.S. 261, 268 (1985).  In Arkansas, this is the three-year personal injury statute of limitations, Ark. Code Ann. § 16-56-105(3).  *See Mountain Home Flight Serv., Inc. v. Baxter Cty., Ark.*, 758 F.3d 1038, 1044 (8th Cir. 2014).

Walker filed this case on July 30, 2024.  The statute of limitation clearly bars Walker from recovering for actions which occurred in 2019.

Even if his claims were not barred, his claims against Defendants Green and Karren would be dismissed as both are entitled to absolute immunity.  *Pierson v. Ray,* 386 U.S. 547, 553-54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges for liability for damages for acts committed within their judicial jurisdiction").  Additionally, Walker's claim against Defendant Hall would not be allowed to proceed because Defendant Hall did not act under color of state law when representing Walker in state court criminal matters.  *Polk Cty. v. Dodson,* 454 U.S. 312, 324 (1981) (neither public defenders nor privately retained defense counsel act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings).

Finally, the Court notes Walker previously brought a case regarding the 2019 theft of property charge, *Walker v. Ware, et al.,* 5:19-cv-05189, which was dismissed with prejudice on December 3, 2021.

## IV.  CONCLUSION

Accordingly, it is recommended that the case be **DISMISSED WITH PREJUDICE** as it is barred by the statute of limitations, fails to state claims upon which relief may be granted, and involves Defendants who are either immune from suit or not subject to suit under § 1983.

The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

**RECOMMENDED** this 26th **day of September 2024**.

/s/ *Christy Comstock*

HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE